# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TARENT BRYANT, :
:
    Plaintiff, : Case No. 5:10-CV-84 (CAR)
:
v. :
:
VICTOR WALKER, et al., : 42 U.S.C. § 1983
:
    Defendants. :
_____ :

## *ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Before the Court is Plaintiff's untimely Motion for Reconsideration [Doc. 14] under Federal Rule of Civil Procedure 59(e). Plaintiff asks the Court to reconsider its Order [Doc. 13] adopting Recommendations by the United States Magistrate Judge [Docs. 7, 8] to deny Plaintiff's petition for a temporary restraining order [Doc. 5] and dismiss certain claims as frivolous. Because Plaintiff has demonstrated no grounds for reconsideration, the Motion is **DENIED**.

The Court conducted a frivolity review and dismissed Plaintiff's 1983 claim against several officials involved in the prison's inmate grievance procedure. Plaintiff alleges that a guard confiscated a love letter from him. He claims prison officials kept his letter even after he filed grievances to compel its return. Plaintiff's complaint sought 1983 relief on grounds he was denied access to the grievance process. The Court dismissed this claim because prisoners have no constitutionally-protected liberty interest in the grievance procedure itself. Dunn v. Martin, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); see also Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005). The Court determined, however, that Plaintiff's censorship and retaliation claims involving the letter could proceed.

Plaintiff also requested a temporary restraining order to prevent his transfer to another prison until he had reacquired his letter. The Court found that Plaintiff, as an inmate, has no constitutional right to remain at the institution where he is presently confined. See Meachum v. Fano, 427 U.S. 215, 225 (1976). In addition, Plaintiff did not demonstrate any pending threat of transfer. Thus, a temporary restraining order was improper under these circumstances.

Local Rule 7.6 contemplates motions for reconsideration but warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." Litigants must file such motions within fourteen days after entry of the order sought to be reconsidered. Plaintiff filed his motion more than three weeks after entry of judgment, so it is untimely. The Court has nonetheless considered its substance and finds that the Motion has no merit.

Motions for reconsideration are only appropriate if the movant can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Wallace v. Georgia Department of Transp., 2006 WL 1582409 * 2 (M.D.Ga. June 6, 2006) (slip copy) (citing McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D.Ga.1997)). "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted). As such, "a motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined." Id.

Plaintiff's Motion for Reconsideration simply restates the substantive allegations of his Complaint. Plaintiff does not address the grounds for denying his petition for temporary restraining order or dismissing his grievance claims. He has pointed to no intervening change in the law, no previously unavailable or new evidence, and no clear error of law or potential for manifest injustice.

As stated in this Court's original Order on these Recommendations, the Court thoroughly considered Plaintiff's Objections and determined *de novo* that Plaintiff has no liberty interest in the grievance procedure surrounding his confiscated love letter and that a temporary restraining order to prevent his transfer would be inappropriate as a matter of law. Having reviewed the matter once again, Plaintiff's Motion for Reconsideration lacks merit and is hereby **DENIED.**

**SO ORDERED,** this 1st day of July.

    S/ C. Ashley Royal
    C. ASHLEY ROYAL, JUDGE
    UNITED STATES DISTRICT COURT

THC