IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TARENT BRYANT, | |
| Plaintiff, | |
| VS. | NO. 5:10-CV-84 (CAR) |
| ALAN CARTER, Warden, et al., | |
| Defendants. | Proceedings Under 42 U.S.C. §1983<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Patricia Evans, Andrew Walker, and Karen White. Tab #17. Defendants contend that Plaintiff Tarent Bryant has failed to exhaust all of his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. §1997e(a) and has failed to state a viable constitutional claim. As set forth more fully below, the evidence presented by the parties indicates that Plaintiff has not exhausted his administrative remedies. Accordingly, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 alleging unlawful confiscation of his personal mail as well as numerous acts of retaliation. On review of Defendants' Motion to Dismiss, all well-pleaded facts set forth in the Complaint are accepted as true. The pertinent factual allegations of the Complaint are set forth below.

Plaintiff alleges that on October 6, 2009, during an inventory of his personal property upon his arrival at Hancock State Prison, Defendant Lieutenant Evans read and then confiscated a letter he had written to a "loved one." According to Plaintiff, he filed grievances complaining about this incident and asking for his letter to be returned. Plaintiff also claims that he pursued these concerns through conversations with and letters to others, including Defendants Warden V. Walker, Deputy

Warden Williams, Andrew Walker, and Unit Managers Tremble and Brawner. According to the Plaintiff, his grievances were improperly rejected or ignored and his letters and conversations were unsuccessful. In addition, Plaintiff alleges that he was repeatedly harassed in retaliation for filing grievances and writing letters.

DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id.

This case must be resolved at the second stage of the Turner analysis. In his Complaint, Plaintiff states that he attempted to exhaust his administrative remedies by filing an informal grievance concerning the mail incident on October 12, 2009 and one pertaining to harassment on November 3, 2009. According the Plaintiff, however, these grievances went unanswered. In

response, the Defendants insist that the Plaintiff never presented either of these issues using the administrative grievance procedure. If the Plaintiff's version of the facts is accepted as true, the Complaint is not subject to dismissal. Consequently, Turner requires the Court to make findings of fact to resolve the factual dispute and to determine whether or not the Defendants have met their burden of proof.

Defendants have met their burden by presenting evidence sufficient to show that the Plaintiff failed to exhaust his administrative remedies. Defendants have submitted affidavits, prison grievance policies, a record outlining the Plaintiff's grievance history, and copies of completed grievances filed by the Plaintiff. Defendants' records show that Plaintiff is well-acquainted with the grievance procedures at Hancock State Prison. Between his arrival at HSP in October of 2009 and the filing of this lawsuit in March 2010, Plaintiff filed ten grievances. He filed an additional thirty-five grievances at other institutions in 2009, prior to his transfer to HSP. Among these grievances was at least one grievance against the deputy warden for rejecting his prior grievances. There is no record, however, of any grievances filed on October 12, 2009, or November 3, 2009, of any grievances related to the confiscation of a letter, or of any grievances specifically related to retaliatory harassment.

In response to the evidence submitted by Defendants, Plaintiff contends that he has a "receipt" for the grievances filed on October 12, 2009, and November 3, 2009. He has not submitted this receipt, however. Moreover, he has not submitted any grievance numbers or other relevant information that could be used to verify his claim. Plaintiff has offered nothing to support his suggestion that Defendants somehow purged these two grievances from their records. In the absence of anything more than Plaintiff's conclusory and unsupported arguments, Plaintiff's contention that he has exhausted administrative remedies lacks credibility. Plaintiff has failed to rebut the evidence submitted by Defendants to show that he failed to pursue his administrative remedies prior to filing this suit.

Accordingly, it is proposed that the Court make a finding of fact that Plaintiff has failed to exhaust his administrative remedies, and **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 8th day of February, 2011.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge